UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTINA DAWN LOPEZ, | No. C 09-03859 MHP |
| Plaintiff, | |
| v. | **MEMORANDUM & ORDER** |
| MATTHEW CATE, | Re: Order to Stay Proceedings and Administratively Close Case |
| Defendant. | |

Petitioner Lopez has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. section 2254 to challenge her 2006 Santa Cruz County Superior Court conviction. She was convicted for six criminal offenses under California law, including torture, second degree robbery, assault by means likely to produce great bodily injury, false imprisonment, kidnapping and assault with a firearm. She now moves to stay the proceedings and hold the petition in abeyance so she can first exhaust all state habeas remedies before proceeding in federal court.

Lopez raised several constitutional challenges to her conviction by way of a *petition to review* timely filed with the California Supreme Court. The direct appeal was denied by the California Supreme Court on June 11, 2008. Lopez's conviction became final for purposes of the one-year statute of limitation set forth in the Anti-Terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(d)(1), 90 days later, when the deadline for filing for review in the United States Supreme Court expired. Lopez filed this federal habeas petition on August 21, 2009,

1  within the one-year AEDPA statute of limitations.  Lopez had previously filed her first petition for
2  habeas corpus relief in state court on August 14, 2009.  In that state petition, for the first time, she
3  raised challenges to her conviction based on actual innocence and ineffective assistance of counsel.
4  The California Supreme Court has not yet reviewed those challenges.  Lopez now asks for a stay so
5  she may finish pursuing state habeas remedies for the actual innocence and ineffective assistance of
6  counsel claims.

7        A district court may stay a habeas petition to allow the petitioner to exhaust state court
8  remedies as to those claims that have not yet been presented to the state's highest court.  *See Rhines*
9  *v. Webber*, 544 U.S. 269, 277-78 (2005).  In *Rhines*, the Court discussed the stay-and-abeyance
10 procedure, explaining that a stay and abeyance is only appropriate when there was good cause for
11 the petitioner's failure to first exhaust state remedies, the claims are not meritless, and there are no
12 intentionally dilatory litigation tactics by the petitioner.  *Id.* at 277-78.

13       Lopez has identified the claims she wishes to assert that have not yet been exhausted in state
14 court, has explained that state court remedies were not exhausted because her appellate counsel did
15 not argue for actual innocence or ineffective assistance of counsel on direct appeal, and does not
16 appear to be engaged in dilatory litigation tactics.  A stay would not offend the purposes of the
17 AEDPA as explained in *Rhines*, 544 U.S. at 277, and apparently would comport with the procedure
18 approved in *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (noting that prisoners who run the risk
19 of having federal statute of limitations expire while exhausting state remedies may avoid this
20 predicament "by filing a protective petition in federal court and asking the federal court to stay and
21 abey the federal habeas proceedings until state remedies are exhausted") (internal quotations
22 omitted).

23       Accordingly, the motion for a stay and abeyance is GRANTED.  This action is STAYED and
24 the clerk shall ADMINISTRATIVELY CLOSE the action.  Nothing further will take place in this
25 action until Lopez exhausts the unexhausted claims and, within thirty days of doing so, files a
26 motion to reopen this action, lift the court's stay and proceed with this action.  Lopez must act
27 diligently to get her state court petition filed and promptly return to federal court after her state court
28

2

proceedings have concluded. If she does not return within thirty days of exhausting the unexhausted claims and the limitations period has expired, dismissal is quite likely. *See Rhines*, 544 U.S. at 278; *Kelly v. Small*, 315 F.3d 1063, 1071 (9th Cir. 2003), *cert. denied*, 538 U.S. 1042 (2003).

IT IS SO ORDERED.

Dated: 3/11/2010

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

3